# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JERRY THOMAS KILGORE AND JOYCE ANN KILGORE, | CASE NO. 06-61525 |
| | JUDGE RUSS KENDIG |
| Debtors. | |
| | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

First Merit Bank, N.A. (hereafter "First Merit") filed an objection to confirmation of debtors' first amended plan. In the plan, debtors propose to surrender First Merit's collateral, a 2001 Bayliner boat, as payment in full of First Merit's claim. Relying on 11 U.S.C. § 1325, First Merit argues that it is entitled to be paid as an unsecured creditor on any deficiency balance resulting after disposition of the collateral. The court conducted a hearing on December 20, 2006 and provided the parties with an opportunity to brief the legal issues. Both parties filed papers in support of their respective arguments.

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

On or about May 2, 2001, debtors financed $61,134.63, plus interest, from First Merit for the purchase of a 2001 Bayliner boat and pledged the boat as collateral for the loan.[1] Debtors filed a chapter 13 petition on August 21, 2006 and listed First Merit as a secured creditor. Schedule D indicates that, as of the petition date, debtors owed First Merit $52,000.00 on the loan. Debtors valued the boat at $40,000.00.

Debtors filed a chapter 13 plan on August 21, 2006. The plan proposes a one

---

[1] Although there is no argument that the boat is security for the loan, neither party provided proof of a properly perfected security interest in the collateral. The only evidence of First Merit's security interest in the Consumer Promissory Note and Security Agreement.

hundred percent distribution to unsecured creditors. Under the "Special Provisions" section of the plan, debtors state: "The debtors shall surrender the boat to First Merit as payment in full." On September 5, 2006, First Merit filed a motion for relief from stay. An agreed order entered on October 17, 2006 granted the relief from stay motion. First Merit proceeded to sell the boat and received $27,806.00 from the sale. Following the sale, on November 2, 2006, First Merit filed a proof of claim for the balance remaining on the note, $25,829.86.

First Merit objected to the proposed plan on September 12, 2006 and contended it was entitled to be paid for the deficiency balance. The objection was amended on November 3, 2006 to add arguments that the plan was not filed in good faith, debtors failed to commit all of their disposable income to the plan, and debtors were not providing payments sufficient to meet the chapter 7 value of the plan. The court held a hearing on the objection to confirmation on December 20, 2006 and established a briefing schedule. First Merit filed a memorandum on January 30, 2006; debtors responded on February 26, 2007; and First Merit replied on March 16, 2007.

Debtors filed an amended plan on March 8, 2007. The terms of the plan, as they pertain to First Merit, remained unchanged. First Merit filed an objection to the first amended plan on March 9, 2007 and raised the same arguments contained in the previous objection.

## PARTIES' ARGUMENTS

Debtors propose to surrender the 2001 Bayliner boat as payment in full of the debt owed to First Merit. They contend that the policies underlying the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereafter "BAPCPA") support their treatment of First Merit's claim. Even though debtors admit that the boat is not a motor vehicle and was not purchased within nine hundred and ten (910) days of filing bankruptcy (hereafter "910 claims"), debtors maintain that the interplay of 11 U.S.C. §§ 506(a), 1325(a)(5) and the "hanging paragraph," the "anti-cramdown provision," dictate against bifurcation of claims, as evidenced in, and supported by, recent court decisions. According to debtors, the rationale set forth in the opinions should be applied to the First Merit claim. Since bifurcation is not permitted on 910 claims, it should not be permitted on the boat claim, either. Alternatively, debtors assert they are entitled to amend their plan and that the claim is not subject to post-petition interest.

First Merit counters and argues that the "anti-cramdown" provisions are not applicable to its claim because the boat is not a "motor vehicle" and it was not purchased in the 910 days prior to debtors' filing. First Merit disputes that the anti-bifurcation principles are applicable to its claim, finding no basis under pre- or post-BAPCPA law for debtors' assertion. Simply, First Merit asseverates that the "hanging paragraph" does not apply to its claim and therefore bifurcation of the claim is permissible. Further, First Merit avers that if debtors filed a chapter 7 case, the amount of equity in debtors real estate would, at a minimum, result in a partial distribution on the deficiency claim, so it should be entitled to receive a distribution in the chapter 13 case as well.

## LAW AND ANALYSIS

In order to confirm a plan, chapter 13 debtors must abide by the directives set

forth in 11 U.S.C. § 1325. Included in section 1325(a) are guidelines for treatment of secured claims:

> (5) with respect to each allowed secured claim provided for by the plan--
>
> (A) the holder of such claim has accepted the plan;
>
> (B) (i) the plan provides that--
>
> (I) the holder of such claim retain the lien securing such claim until the earlier of--
>
> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>
> (bb) discharge under section 1328; and
>
> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>
> (iii) if--
>
> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>
> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
> (C) the debtor surrenders the property securing such claim to holder.

11 U.S.C. § 1325. In accordance with this section, a court can confirm a plan involving an "allowed secured claim" when either: (1) the creditor accepted the plan; (2) the creditor is receiving payment on its secured claim in accordance with 11 U.S.C. § 1325(a)(5)(B), or (3) the debtor surrenders the collateral. Here, First Merit does not agree to the plan where debtors seek to exercise the third option, surrender of the collateral, without additional payment on the deficiency balance.

## I. The hanging paragraph

In addition to the three requirements found in section 1325(a)(5)(B), there is also language, following 1325(a)(9) and now commonly referred to as the "hanging paragraph," which offers additional restrictions on designated secured claims. The hanging paragraph provides, in its entirety:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if the collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

To understand the hanging paragraph, it is necessary to understand pre-BAPCPA law. Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act, debtors could, through 11 U.S.C. §§ 506 and 1325, bifurcate claims into secured and unsecured portions based on the value of the collateral. To the extent the claim was undersecured, debtor could pay that portion of the claim as an unsecured claim. This is commonly referred to as the "cramdown" of a claim. Unlike pre-BAPCPA law, however, the hanging paragraph specifically excepts specified secured claims from bifurcation and, ultimately, cramdown.

However, under the hanging paragraph, debtors' ability to bifurcate secured claims is limited. *See, e.g.,* In re Westfall, 2007 WL 708569 (Bankr. N.D. Ohio 2007) (reporter citation not yet available); In re Harrell, 2007 WL 708569 (Bankr. E.D. Tenn. 2007) (unreported); In re Vagi, 351 B.R. 881 (Bankr. N.D. Ohio 2006); In re Sparks, 346 B.R. 767 (Bankr. S.D. Ohio 2006); In re Particka, 355 B.R. 616 (Bankr. E.D. Mich. 2006); In re Ezell, 338 B.R. 330 (Bankr. E.D. Tenn. 2006). The secured claims covered by the hanging paragraph include both claims secured by vehicles and claims secured by other items of "value." The requirements for each type of collateral are slightly different. With regard to vehicle claims, there are four requirements: (1) a purchase money security interest secures the debt; (2) the debt was incurred within 910 days of the bankruptcy filing; (3) the collateral is a motor vehicle; and (4) the vehicle was acquired for the personal use of the debtor. In the present controversy, the parties agree that the collateral, the 2001 Bayliner boat, is not a motor vehicle. Consequently, the rules concerning other items of value would be applicable to the facts in this case.

According to the final sentence, when dealing with other collateral of value, the debt must have been incurred in the year prior to the filing. Here, there is no dispute that the boat was purchased in 2001, well over one year before the August 21, 2006 filing date. Thus, the hanging paragraph is not applicable to First Merit's claim. The result is that the anti-bifurcation restriction of the hanging paragraph does not apply to First Merit's claim. Since the claim is subject to bifurcation, the pre-BAPCPA law permitting a secured creditor to recover on its unsecured deficiency claim remains germane.

Debtors also argue, in spite of the fact that the hanging paragraph is not applicable to the First Merit claim, the rationale underlying the hanging paragraph and the BAPCPA amendments should be applied to prevent bifurcation of their claim into secured and unsecured portions. Debtors have provided no foundation or support for their argument that the policies underlying the hanging paragraph apply equally to non-hanging paragraph claims. In the absence of any authority, the court declines to fabricate interpretations judicially expanding the text of the hanging paragraph. *See* In re Moon, 339 B.R. 668 (Bankr. N.D. Ohio 2006) (citing U.S. v. Ron Pair Enter., Inc., 489 U.S. 235, 240-41 (1989)). Clearly, the hanging paragraph does not apply to the facts presented. The court finds that neither the hanging paragraph, nor the anti-bifurcation policies underpinning the addition of the hanging paragraph to the bankruptcy code, support debtors' treatment of First Merit's claim.

## **CONCLUSION**

In 2001, debtors financed their purchase of a 2001 Bayliner boat with a loan from First Merit. Upon filing bankruptcy in 2006, debtors proposed a plan of reorganization and included a special provision to surrender the boat in full satisfaction of the claim. The bank objected, arguing that it was entitled to an unsecured deficiency claim.

The parties agree that the boat is not a motor vehicle and was purchased outside the time frame enunciated in the hanging paragraph. Consequently, literal employment of the requirements of the hanging paragraph renders the provision inapplicable. To the extent that debtors argue that the BAPCPA amendments embody an anti-bifurcation rationale which should be implemented, debtors have failed to provide any authority supporting their contention. The plain language of the statute clearly identifies the claims to which it pertains, so resort to interpretations beyond the four corners of the statute in unnecessary and improper. The court concludes that the claim is subject to bifurcation and that First Merit is entitled to an unsecured claim for the deficiency balance.

An order in accordance with this opinion shall be entered forthwith.

/s/ Russ Kendig  APR 1 3 2007
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Phillip D. Schandel
116 Cleveland Ave., N.W.
Suite 109
Canton, OH 44702

Douglas L. Thrush
13 Park Ave., West
Suite 314
Mansfield, OH 44902

Toby L. Rosen
Charter One Bank Building, 4th Floor
400 W. Tuscarawas St.
Canton, OH 44702